**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Akwasi Damoah Asumadu,<br>Petitioner,<br>v.<br>Hannah Boahemaa Baffoe,<br>Respondent. | No. CV-18-01418-PHX-DLR<br>**ORDER** |

Before the Court are Petitioner Akwasi Damoah Asumadu's motion for necessary expenses (Doc. 68), and Respondent Hannah Boahemaa Baffoe's motion for review of the Clerk of Court's judgment on taxation of costs (Doc. 76). Both motions are fully briefed. (Docs. 73, 77-78.) For the following reasons, Asumadu's motion is denied, Baffoe's motion is granted, and the Clerk of Court's judgment on taxation of costs is modified as explained herein.

**I. Motion for Necessary Expenses**

Asumadu seeks recovery of "necessary transportation expenses" pursuant to the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9007(b)(3). (Doc. 68 at 6.) Specifically, Asumadu seeks: (1) $1,201.73 for transportation and lodging related to the July 31, 2018 bench trial, and (2) $674.31 for transportation and lodging related to K.A.A.'s return to Canada. (*Id.*) In relevant part, ICARA provides that:

> Any court ordering the return of a child . . . shall order the respondent to pay necessary expenses incurred by or on behalf

> of the petitioner, including . . . transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate.

22 U.S.C. 9007(b)(3). ICARA "contemplates the use of such awards to restore a petitioner to the financial position he or she would have been in had there been no removal or retention, as well as to deter violations of the Hague Convention." *Aguilera v. DeLara*, No. 14-01209-PHX-DGC, 2014 WL 4204947, *1 (D. Ariz. Aug. 25, 2014). As the respondent, Baffoe bears the burden of establishing that an award of fees and costs would be clearly inappropriate under the circumstances. *Id.* at 2.

Baffoe asserts that an assessment of the sought-after expenses against her is clearly inappropriate because her actions were a result of Asumadu's physical abuse, and that any assessment of expenses would cause her financial hardship. (Doc. 73 at 1.) Baffoe also argues that some of the sought-after expenses were unnecessary or excessive. (*Id.* at 4-5.)

"Generally, in determining whether expenses are 'clearly inappropriate,' courts have considered the degree to which the petitioner bears responsibility for the circumstances giving rise to the fees and costs associated with a petition." *Souratgar v. Lee Jen Fair*, 818 F.3d 72, 79 (2d Cir. 2016) (citing cases). For example, awarding expenses is clearly inappropriate where the prevailing petitioner physically abused the respondent, *see, e.g., Aguilera*, 2014 WL 4204947, at *1-2, because "a [parent] should not be required under the threat of monetary sanctions to choose between continued abuse (mental as well as physical) and separation from a young child[.]" *Guaragno v. Guaragno*, No. 09-CV-187, 2010 WL 5564628, at *3 (N.D. Tex. Oct. 19, 2010), *adopted by* 2011 WL 108946 (N.D. Tex. Jan. 11, 2011).

The Court previously found that "the description of events provided by Baffoe is consistent with her having been the victim of some form of domestic violence," and that "Asumadu likely struck Baffoe on more than one occasion." (Doc. 60 at 7.) Under the circumstances, the Court finds that Baffoe "was faced with a cruel dilemma, whether to continue to receive the physical abuse . . . from [Asumadu], or retreat and suffer from the separation of the child." *Guaragno*, 2010 WL 5564628, at *3. Accordingly, an award of

expenses would be clearly inappropriate in this case.[1]

**II. Motion for Review of the Clerk of Court's Judgment on Taxation of Costs**

Baffoe moves the Court for review of the Clerk of Court's Judgment on Taxation of Costs. (Doc. 75.) Of the $3,150.02 in costs awarded to Asumadu, $2,233.94 were attributed to service fees. (Doc. 75 at 1.) Baffoe challenges the Clerk of Court's finding with respect to the service fees only, arguing that the Clerk's finding "was not limited to fees incurred in connection with service of process" and therefore should be reduced from $2,233.94 to $532.50." (Doc. 78 at 1.)

Upon motion for review of a clerk's taxation of costs, a district court reviews de novo the clerk's judgment. *United States ex rel. Lindenthal v. Gen. Dynamics Corp.*, 61 F.3d 1402, 1412 n.13 (9th Cir. 1995). "The general rule on the taxation of costs is that the district court has discretion to fix the costs." *Johnson v. Pac. Lighting Land Co.*, 878 F.2d 297, 298 (9th Cir. 1989).

After review of the record, the Court finds that the Clerk of Court awarded service fees for activities undertaken after, and unrelated to, the service of process. (Doc. 66-2.) Process was served on Baffoe on May 12, 2018, and the affidavit of service was completed by Inter-State Investigative Services ("IIS") on May 13, 2018. Based on ISS's invoice, the service of process fees should be reduced from $2,233.94 to $1,107.50.[2] (*Id.* at 3-4.) Accordingly,

**IT IS ORDERED** that Asumadu's motion (Doc. 68) for necessary expenses is **DENIED**.

---

[1] The Court need not discuss Baffoe's other arguments concerning financial hardship and the necessity of the expenses Asumadu incurred.

[2] Baffoe also argues that the fees "are inappropriate in light of [her] financial condition. (Doc. 76 at 4.) Baffoe, however, does not present any evidence of her current financial circumstances. Instead, she argues that her financial circumstances were negatively impacted by Asumadu. For example, Baffoe contends that Asumadu failed to provide financial support for their children from February until the end of August 2018. (*Id.*) The Court finds this argument unpersuasive. Whether Asumadu provided financial support during the period after Baffoe removed the children from Canada does not serve as probative evidence of Baffoe's "limited financial resources." *Day v. LSI Corp.*, No. 11-CV-186-TUC-CKJ, 2017 WL 4876413, at *2 (D. Ariz. Jan. 5, 2017). Without evidence of Baffoe's current financial circumstances, the Court has no basis to find her unable to pay the $1,107.50 in service fees, or the remainder of the judgment on taxation of costs.

1 **IT IS FURTHER ORDERED** that Baffoe's motion for review of the Clerk of
2 Court's judgment on taxation of costs (Doc. 76) is **GRANTED** as explained herein.

**IT IS FURTHER ORDERED** that the Clerk's judgment on taxation of costs is
**VACATED.** The Clerk of Court is directed to modify the judgment on the taxation of
costs in accordance with this order.

Dated this 5th day of April, 2019.

Douglas L. Rayes
United States District Judge